Mamie Lou Taylor v. Commissioner.
Taylor v. Commissioner
Docket No. 84325.
United States Tax Court
T.C. Memo 1962-25; 1962 Tax Ct. Memo LEXIS 283; 21 T.C.M. (CCH) 116; T.C.M. (RIA) 62025; February 8, 1962
Joseph D. Skinner, Esq., for the respondent. TRAIN
Memorandum Opinion TRAIN, Judge: Petitioner, an individual who resided at Casper, Wyoming, filed no income tax returns for 1954, 1955, and 1956, paid no income taxes for those years, and filed no declarations of estimated tax for those years. Respondent determined deficiencies in petitioner's income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6654 [1]
Sec. 6653(b)
1954
$2,674.80
$427.97
$1,337.40
1955
2,370.24
62.84
1,185.12
1956
1,799.27
46.85
899.64
*284 Petitioner made no appearance at the trial of this case. Respondent's diligent efforts to discover petitioner's whereabouts were unsuccessful. At the trial, this Court granted respondent's motion to delete claims for additions to tax under section 6653(b) on account of fraud and to amend his answer to assert claims for additions to tax under section 6651(a) on account of failure to file returns without a showing that such failure was due to reasonable cause and not due to willful neglect. Jurisdiction to determine such additions under the circumstances here present is grounded upon section 6214(a). The additions so asserted follow: Year
Addition - Sec. 6651(a)
1954
$668.70
1955
592.56
1956
449.82
This Court granted respondent's motion to delete the addition to tax in the amount of $427.97 under section 6654 for 1954 and substitute an addition in the amount of $267.48 under section 294(d)(1)(A) of the Internal Revenue Code of 1939. Respondent concedes that he may not, on the facts appearing herein, assert an addition under section 294(d)(2) of the Internal *285 Revenue Code of 1939. Commissioner v. Acker, 361 U.S. 87, (1959). Since petitioner has failed to prosecute her petition, we sustain respondent's determinations as amended by respondent's motions heretofore granted and hereinabove described. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless indicated otherwise.↩